# United States Court of Appeals
## For the First Circuit

No. 20-1092

MIGUEL MORALES-FIGUEROA,

Plaintiff, Appellant,

v.

ALICIA M. SANTOS; CONJUGAL PARTNERSHIP VALDES-SANTOS;
NCMIC INSURANCE COMPANY,

Defendants, Appellees,

RUBEN VALDES, D.C.,

Defendant, Third Party Plaintiff, Appellee,

v.

CLINICA DE MEDICINA DEPORTIVA DEL CARIBE, INC.; DR. JANICE M.
ALEMAN-PACHECO; PRESBYTERIAN COMMUNITY HOSPITAL, d/b/a Presby
Wellness & Fitness Center; ABC AND XYZ INSURANCE COMPANIES;
XYZ CORP.; JOHN DOE,

Third Party Defendants.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Domínguez, U.S. District Judge]

———————————

Before

Howard, Chief Judge,
Boudin, and Barron, Circuit Judges.

———————————

Jorge Miguel Suro Ballester, with whom Miguel A. Suro Carrasco
and Suro & Suro were on brief for Appellant.
Kenneth C. Suria, with whom Odemaris Chacón Verona and
Estrella, LLC were on brief for Appellee.

February 25, 2021

**BOUDIN**, <u>Circuit Judge</u>. Miguel Morales-Figueroa lost a jury trial in his medical malpractice suit against appellees. Post verdict, the district court taxed Morales with costs related to expert witnesses used at trial. Morales has appealed the taxation of these costs. Review is for abuse of discretion, <u>Ramos-Santiago</u> v. <u>United Parcel Serv.</u>, 524 F.3d 120, 125 (1st Cir. 2008), save that pure issues of law are reviewed <u>de novo</u>, <u>InvesSys, Inc.</u> v. <u>McGraw-Hill Cos.</u>, 369 F.3d 16, 19 (1st Cir. 2004).

**Timeliness**. After judgment was entered, appellees submitted a motion stating the costs they sought. Morales replied that appellees had disregarded certain statutory formalities, which appellees then remedied in a subsequent filing (submitted after the deadline imposed by local rules, <u>see</u> D.P.R. Civ. R. 54(a)). Morales contests this process, but the trial judge's decision to accept the filings despite the initial omissions was not an abuse of discretion. <u>See</u> <u>Phetosomphone</u> v. <u>Allison Reed Grp., Inc.</u>, 984 F.2d 4, 9-10 (1st Cir. 1993) (suggesting that statutory requirements related to cost awards should not be mechanically applied); <u>see also</u> <u>García-Goyco</u> v. <u>Law Envtl. Consultants, Inc.</u>, 428 F.3d 14, 19-20 (1st Cir. 2005) (stating that district courts receive considerable deference in the application of their own local rules).

**Expert Costs**. Unless a witness is court-appointed, a federal court cannot tax as costs more than $40 per witness per

day for attendance "absent explicit statutory or contractual authorization." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); see 28 U.S.C. § 1920(6); 28 U.S.C. § 1821(a)(1), (b). The district court taxed Morales with paying for four days of trial appearance by appellees' expert witness, Dr. LaRusso, at a rate of $600 per hour, and with paying the $40 per day for the remaining days that LaRusso made himself available and testified during appellees' case in chief. Morales argues that the court's award of costs for Dr. LaRusso's appearance exceeded the parameters of Crawford. Alternatively, Morales argues that there was a contract, but it only requires him to pay for the one hour LaRusso spent on the witness stand on July 11 testifying during Morales's presentation of his case.

Appellees point to no contractual or statutory authorization for exceeding the $40 limit, and there is nothing that comes close to an easily identified contract. The district court costs award with respect to Dr. LaRusso's fees therefore exceeded the court's authority and is hereby reversed.

On remand, the district court should review the cost award for Dr. LaRusso and provide an award that complies with Crawford: the cost award must follow the limits of 28 U.S.C. § 1821. The rest of the district court's order on costs we leave undisturbed.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. The parties shall bear their own costs for this appeal.